## Case of Elizabeth Baird.

A trustee appointed by will, is amenable to the jurisdiction of the Court of Common Pleas, unless it appear that the trust is annexed to the office of executor, *quasi* executor, or *ratione officii*, in which case, the Orphans' Court alone has jurisdiction.

APPEAL from the decree of the Common Pleas of *York* county.

A petition was presented by George Baird and others to the Court of Common Pleas, praying the discharge of William Johnson, trustee of Elizabeth Baird under the will of Rachel Stewart, which was as follows:

" In the name of God.   Amen.   I, Rachel Stewart, of the Borough of York, in the State of Pennsylvania, being aged and infirm, but of sound mind and memory, do make my last will and testament as follows:

After payment of debts and expenses, I give, bequeath and devise, unto my son William Johnson, his heirs and assigns, in ·trust, as hereafter mentioned, all my estate, of every kind and description, to be applied by him, so far as the interest, income, or

[Case of Elizabeth Baird.]

profits thereof, to the separate use of my daughter, Elizabeth Baird, during her life, at such times, and in such manner, as he thinks best. And I authorize and empower my said son William, as my executor, at any time he may deem advantageous, to sell and dispose of all, or any part or portion of my estate, and the proceeds to be put to interest for the uses aforesaid. At the decease of my said daughter Elizabeth, any property or estate not before sold, I direct my executor to sell; and, my whole estate being then converted into money, I give and bequeath and direct my said executor to divide the whole principal sum to and amongst the children of my said daughter Elizabeth, in equal shares, as also any arrearages of interest that may be then left. And I appoint my said son William my whole and sole executor of this my last will and testament, hereby revoking all other wills."

The court below was of opinion that the execution of the trust involved the exercise of power conferred on William Johnson, as executor, for which reason the court dismissed the application for want of jurisdiction.

*Hambly*, for appellants, argued that the Common Pleas alone had jurisdiction, and cited 9 *Watts* 300; *Stroud's Purd.* 991, *sec.* 1.

*R. Fisher, contra.* It is only desirable that the jurisdiction be rightly exercised, as all parties are willing to protect the interests created by the will.

The opinion of the Court was delivered by

ROGERS, J.—The 15th section of the Act of the 14th of June 1836 (*Str. Purd.* 999) provides, that when a trust of either real or personal estate has been created by deed, *will*, or otherwise, for the use or benefit of any person, the court of Common Pleas of the county in which the trustee has resided, shall exercise the jurisdiction and powers given by law in regard to such trust; provided, that nothing therein contained shall extend to trusts created by will, and vested in executors or administrators, either by the words of the will, or by the provisions or operations of law, wherever such executors or administrators are, by the existing laws, amenable to the Orphans' Court. By a previous Act, passed the 14th of April 1828, the several District Courts, and courts of Common Pleas, are authorized to grant relief in equity in all cases of trust, so far as regards the appointment of trustees, either in consequence of the death, lunacy, or other inability of a trustee, &c.; or when a trustee, or trustees, named in any last will and testament, renounce or refuse to act under such appointment. By the operation of the Acts abovementioned, jurisdiction over the subject matter of the application is vested in the court of Common Pleas, unless the case comes within the meaning of

the proviso.   These Acts have been under consideration in this court in two cases; (4 *Whart.* 183) *Innes's Estate,* and in *Ebert & Barnitz's Appeal,* (9 *Watts* 300.)   In the first, Mr Justice Sergeant has given an accurate history of the legislation of this state in regard to trusts.

In Barnitz's Appeal, the case was this : The testatrix appointed her mother trustee for her sister, and authorized her to take all the property devised to her in her own hands; she also appointed her mother her sole executrix.   On the death of the mother, the Court of Common Pleas, on the petition of the devisee, appointed a trustee.   On an appeal, this court decided that the jurisdiction to appoint a trustee was vested in the Common Pleas, and not the Orphans' Court.   That the fact that the mother was both trustee and executrix, made no difference.   The reason given by Mr Justice Kennedy, who delivered the opinion of the court, is, that although the trust was created by will, and the same person was executrix and trustee, yet the trust was not vested in her, *quasi executrix,* or *ratione officii,* but was vested in her, *nominatim.*   The result of these cases is, that unless it appear that the trust is annexed to the office of executor, *quasi executor* or *ratione officii,* it is not within the exception in the proviso; the jurisdiction remains, unless it is taken away from the Courts of Common Pleas.   Thus, where a man wills that his executors, without naming them, shall sell his lands, or perform any other trust created by his will, or where a testator creates a trust, without saying who shall execute it, and names an executor, the execution is intrusted to him by operation of law; and in such cases, and in others that may be named, the Orphans' Court alone have jurisdiction.   To apply these principles to the case in hand : The testatrix appointed William Johnson trustee, *nominatim.*   By virtue of this appointment and the devise to him, he became the trustee of all her estate of every kind and description, to be applied by him, so far as the interest, income, or profits thereof, to the separate use of her daughter, Elizabeth Baird, during her life, at such times and in such manner as he thinks best.   On the authority therefore cited, it would seem to be pretty clear that the jurisdiction over this matter is vested in the Court of Common Pleas; the case being unaffected by the proviso in the Act of the 14th of April 1814.   The trustee took upon himself the execution of the will, as trustee, under the above clauses, and not as a trust annexed to his office of executor.   The only difficulty arises from a subsequent part of the will, which may perhaps come within the proviso; but with this, at this time, we have nothing to do.   The testatrix authorizes and empowers her son William, as her executor, to sell and dispose of a part or portion of her estate, at any time, he may deem advantageous, and apply the interest of the proceeds to the use of her daughter Elizabeth.   And after her decease, she directs her executor to sell that part of her pro-

perty not before disposed of, and to divide it among the children of her daughter Elizabeth. Now, whether William can execute the last power as executor, *ratione officii*, or annexed to the office of executor, we do not undertake to decide. The only question now is, as to the power or jurisdiction of the Court of Common Pleas over the trustee appointed to execute the trust under the first clause. It is understood that no part of the property has been sold, nor is it intended that any shall be sold, for the purpose of putting it to interest for the use of the devisee. Nor has the last clause come into operation, inasmuch as Elizabeth is still living.

The court orders that the decree of the Common Pleas be reversed, with directions to proceed, hear, and determine on the application of the petitioner.